IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) FILE NO. 1:07-cr-98 |
| v | ) |
| | ) |
| HOMERO MARTINEZ. | ) |
| | ) |

# ORDER

**THIS MATTER** coming on before the undersigned, pursuant to a motion filed by Attorney Michael J. Garza entitled " Motion to Appear P*ro Hac Vice* for Defendant Homero Martinez" (#13). In the motion, Mr. Garza states that he has been retained by the defendant through the defendant's wife. Mr. Garza, on behalf of the defendant, requests that he be allowed to appear as counsel for the defendant.

**Discussion**. At the present time, attorney admissions to practice in the Western District of North Carolina are governed by Local Rule 83.1. In regard to special admissions, the rule states as follows:

> Litigants in civil and criminal actions, except counsel representing governmental agencies and parties appearing pro se, must be represented by at least one member of the bar of this court or by an attorney admitted to practice by this court pursuant to this section. Any lawyer who is a member in good standing of the Bar of the Supreme Court of the United States or the Bar of the Supreme Court of any state in the United States May, in the discretion of the judges of this court, be permitted to appear in a particular case. If such permission is granted, and if a member of the bar of this court is not associated, said attorney and his client shall be deemed to have consented that service of all pleadings and notices may be made upon a deputy clerk in the appropriate division of this court as process agent. The court encourages such out-of-state attorneys to associate a member of the bar of this court in all cases, but will not require such association where the amount in controversy or the importance of the case does not appear to justify double employment of counsel. Special admissions will be the exception and not the rule, and no out-of-state counsel will be permitted to practice frequently or regularly in this court without the association of local counsel.

Where justice requires, the authorized deputy clerks at Asheville, Statesville and Charlotte may permit the filing of papers at the request of out-of-state counsel; provided, however, the further participation of out-of-state counsel shall be governed as herein above provided.

All counsel, except those representing governmental agencies, must pay a fee in the amount of $100.00 for each special admission or whenever Pro Hac Vice admission is granted.

In this matter, Mr. Garza's request for admission has not been presented by a member of the bar of this court. In his motion, Mr. Garza does not state that he is a member in good standing of the bar of the Supreme Court of the United States or the bar of the Supreme Court of any state in the United States. Local Rule 83.1(B) encourages out-of-state counsel to associate a member of this bar in all cases, but does not require such association where the amount in controversy or the importance of the case does not appear to justify double employment of counsel. The importance of the charges against the defendant do appear to justify double employment. As a result of the foregoing analysis, the undersigned will deny, without prejudice, the motion of the defendant and Mr. Garza. The defendant and Mr. Garza are requested to associate a member of the bar of this court and, at that time, file a motion for admission.

The issue of admission of local counsel is being addressed in new Local Rules which are in the process of being adopted by the Judges of this court, under new Local Rule LCvR 83.1(D).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's motion (#13) is **DENIED** without prejudice, but will allow further motions to be filed by the defendant seeking to admit Mr. Garza after the association of local counsel.

Signed: November 19, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge